[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on June 18, 1978 in Warren, Connecticut. The plaintiff CT Page 6236 has resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
One child was born to the wife during the course of the marriage, which child is issue and a minor to wit: Michael Charles Dubos, Jr., born October 31, 1979.
The marriage has broken down irretrievably, there is no prospect for reconciliation, and a decree of dissolution may enter.
Neither party testified to any great extent as to the cause of the breakdown. It appears that the marriage suffered from a lack of communication and gradually the relationship eroded. Fault, therefore, plays no part in the court's determination as to alimony and property distribution.
This is the second marriage for both of the parties. The husband is forty-four (44) years of age and is in fairly good physical condition. He works full-time but has a pending worker's compensation claim for a back injury incurred some seven or eight years ago.
The wife is forty-six (46) years of age and is also in relatively good health. She complains, however, of phlebitis, ulcers, lower back problems and depression. There is no evidence, however, that any of these illnesses prevent her from being gainfully employed.
Both of the parties have some post-high school education. The husband is trained as an electrician and the wife has a hairdresser's license. The husband has worked for nineteen (19) years at his present employment. The wife had her own beauty salon for over twenty (20) years. In 1988, she sold the business for $68,000. One year later, she went to work full-time at her present place of employment and reports earnings of $6500 per year plus fuel assistance and food stamps for an additional $1750. The wife testified that she gets $50 per month rental from the garage. This, however, does not appear on her financial statement. The husband reports gross earnings of $32,000 per year without overtime. He admits to receiving overtime in 1991, but claims that overtime in 1992 has been sporadic. His W2 statement for 1991 shows a gross annual income of $36,162.
The real estate was owned by the wife prior to her present marriage. The husband claims that his efforts led to a substantial improvement in the condition of the house. He CT Page 6237 testified that he put in an oil fired heater, converted the garage into a family room, put in two new bathrooms, a new garage and a series of other improvements. As a result of this, he claims that the property has increased in value and he should be compensated accordingly. The wife claims the house is in disrepair and has a value of $125,000. The premises are presently encumbered by a first mortgage of approximately $33,000 and a second mortgage of approximately $35,000. The husband claims the house is worth $225,000. From the testimony, the court can reasonably find that the property has a fair market value of $150,000.
In spite of some conflicting testimony, the parties appear to agree as to child support, custody, and to a great extent, visitation.
Having considered all of the testimony and the provisions of Connecticut General Statutes, Secs. 46b-81,46b-82 and 46b-84, the court further orders as follows:
1. A dissolution of marriage may enter.
2. Custody of the minor child shall be awarded to the defendant mother with reasonable and flexible rights of visitation for the plaintiff husband. Such rights shall include, but not be limited to, every Friday evening.
3. The husband shall pay to the wife the sum of $120 per week for the support of said minor child. The court finds that the support guidelines are applicable and the order of support falls within the recommended guidelines. An immediate wage garnishment shall issue to insure payment of said support.
4. The husband shall maintain medical and dental insurance, as available through his employment, for the benefit of the minor child. All unreimbursed medical and dental expenses shall be divided equally between the parties. These orders are entered into subject to and in accordance with the provisions of Connecticut General Statutes, Sec.46b-84(c).
5. The husband shall pay to the wife, as periodic alimony, the sum of $65 per week, which alimony shall terminate upon the happening of the first of the following events:
a) death of either party;
b) remarriage by the wife; CT Page 6238
c) cohabitation of the wife;
d) September 25, 1998.
In no event shall alimony be modifiable as to term.
6. The title in the marital residence located at 3 Jackson Drive, Danbury, Connecticut is by judicial decree, vested in the defendant wife. She shall be responsible for the first and second mortgage and shall hold the husband harmless therefrom, and indemnify her from any and all claims.
7. The husband shall retain all right, title and interest in his pension plan, without any claim by the wife.
8. The husband shall maintain whatever policies of insurance are presently available through his employment to the extent of $60,000, naming his minor child as irrevocable beneficiary thereunder, for so long as he is obligated to support said child.
9. The husband shall be responsible for the payment of the Danbury Hospital bill in the amount of $3,529, and shall hold the wife harmless and indemnify her from any and all claims.
10. The wife shall be responsible for the payment of the liabilities shown on Schedule A of her financial affidavit in the amount of $14,164, and she shall indemnify and hold the husband harmless from all claims.
11. Except as otherwise provided herein, the husband shall be responsible for his own liabilities and shall hold the wife harmless and indemnify her from any and all claims.
12. The wife shall be entitled to claim the minor child as a dependency exemption on her income tax during odd numbered years and the husband shall be entitled to the exemption on even numbered years. The wife shall execute any documents necessary to effect this order.
13. All of the personal property in the marital home shall become the sole and exclusive property of the wife. The husband shall, forewith, deliver the wife her grandfather's quilt.
14. The husband shall pay to the wife as a lump sum alimony award the sum of $10,000 which shall be paid at the CT Page 6239 rate of $25 per week.
15. The husband shall transfer the 1986 Oldsmobile to the wife. She shall assume the loan on said vehicle and hold the husband harmless.
16. Each of the parties shall be responsible for his or her own costs and attorney's fees.
17. Counsel for the plaintiff shall prepare the judgment file.
Mihalakos, J.